**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JANE DOE,<br>*Plaintiff,*<br>v.<br>TRANSUNION, LLC,<br>*Defendants.* | No. 4:26-cv-00970 MAL |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Jane Doe's Motion for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction (Doc. 3), Plaintiff's Renewed Motion for Temporary Restraining Order and a Preliminary Injunction (Doc. 36), Plaintiff's Pro Se Motion for Reconsideration of Denial of Temporary Restraining Order (Doc. 19), and Motion for Leave to File a First Amended Complaint (Doc. 35). For the reasons set forth below, the Court denies the motions.

## I. Facts & Background

Plaintiff Jane Doe alleges she is a human trafficking survivor. Doc. 1 ¶ 8. The statute 15 U.S.C. § 1681c-2 requires a consumer reporting agency to block items on a consumer file within four business days of receiving a block request. Doc. 1 at ¶ 5. The regulation 12 C.F.R. § 1022.1422 details the documentation that must be submitted with a block request. Doc. 1 at ¶ 6. Before October 2025, TransUnion accepted block requests filed by Doe and complied with them. *Id.* ¶ 11. Doe alleges that in October 2025, TransUnion refused to honor her 12 C.F.R. § 1022.1422-compliant block requests. Doc. 1 at ¶¶ 14–15. Doe alleges that TransUnion denied her requests because it could not verify the NGO letter by The Family Partnership, which authorized Doe's status as a victim of human trafficking as required by 12

C.F.R. § 1022.142(c)(6)(i). Doc. 1 at 10, 16, 18. On June 18, 2026, Doe filed a Complaint against TransUnion, alleging:

- Count I: Willful Violation of 15 U.S.C. § 1681c-2
- Count II: Negligent Violation of 15 U.S.C. § 1681c-2
- Count III: Civil Liability Under the Trafficking Victims Protection Act, 18 U.S.C. § 1595

Doc. 1.

Along with her Complaint, Doe filed a Motion for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction. Doc. 3. The Court denied Doe's request for a temporary restraining order and stated that it would consider the motion for a preliminary injunction after the Defendant was served. Doc. 11. On July 16, Doe renewed her request for a temporary restraining order. Doc. 20. The Court denied her request for a TRO but ordered a briefing schedule should Doe request a preliminary injunction. Doc. 30. Doe did not brief a preliminary injunction request in accordance with the timeline set by the Court.

On September 28, 2026, Doe filed a Renewed Motion for Temporary Restraining Order and Motion for Preliminary Injunction. Doc. 36. In this document, she asked for a TRO and PI (1) requiring TransUnion to immediately block all items identified in her block requests pursuant to 15 U.S.C. § 161c-3, (2) prohibiting TransUnion from reporting any trafficking-related items in Plaintiff's consumer file pending resolution in this motion, (3) prohibiting TransUnion from contacting The Family Partnership or any other victim-services provider for any purpose beyond confirming the authenticity of documents and from challenging the statutory authority of state-authorized providers to issue victim-determination letters, and (4) setting a prompt hearing on Plaintiff's motion for a preliminary injunction. *See generally* Doc. 36.

## II. Legal Standard

The standard for analyzing a motion for a temporary restraining order is the same as a motion for a preliminary injunction. *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 664 (8th Cir. 2022). The four factors a court must consider when deciding

whether to grant a preliminary injunction or a temporary restraining order are (1) likelihood of success on the merits, (2) likelihood of suffering irreparable harm in the absence of preliminary relief, (3) the balance of the equities, and (4) whether a restraining order is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Dataphase Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc) (same factors). "While no single factor is determinative, the probability of success factor is the most significant." *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013) (citations omitted). For a court to issue a preliminary injunction or temporary restraining order, the movant must show likelihood of irreparable harm. *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 318–19 (8th Cir. 2009); *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). "Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Id.* Temporary restraining orders are permitted only in limited, somewhat dire circumstances. *See* 11A Wright & Miller's Federal Practice & Procedure § 2952 (3d ed. 2026) District courts may issue temporary restraining orders to preserve the status quo until there is an opportunity to adjudicate parties' claims. *Dataphase Sys., Inc.*, 640 F.2d at 113 n.5.

## III. Plaintiff's First Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction

This Court denies Doe's first request for a preliminary injunction because she has failed to show irreparable harm.

On June 18, 2026, Doe filed a Motion for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction. Doc. 3. The Court denied in part the Motion and stated that it would consider the motion for a preliminary injunction upon service of the Defendant. Doc. 11. In Doe's first request for a preliminary injunction, she stated that Transunion's refusal to block items on her consumer file "destroyed [her] access to credit and financing," resulted in a wrongful eviction, "prevented [her] from securing replacement housing," "prevented [her] from accessing necessary medical care," and forced her into bankruptcy. Doc. 3 at 1. These alleged harms are all in the past. Doe makes no allegations of future harm. A preliminary

injunction does not remedy past harm. *Miller v. Honkamp Krueger Fin. Servs., Inc.*, 9 F.4th 1011, 1015 n.3 (8th Cir. 2021). Because Doe has failed to show irreparable harm, her first request for a preliminary injunction is denied. *Watkins*, 346 F.3d at 844 ("Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction.").

**IV. Plaintiff's Renewed Motion for Temporary Restraining Order and Motion for Preliminary Injunction**

On September 28, 2026, Doe filed a Renewed Motion for Temporary Restraining and Motion for Preliminary Injunction. Doc. 36. In this motion, she alleges that TransUnion's contact with The Family Partnership "may delay or prevent The Family Partnership from responding to future block requests." Doc. 37 at 5. She has not alleged any facts to indicate that she will submit another block request. Doe also states that the alleged trafficking-related items in her consumer file "are furnished to potential creditors, landlords, and others." Doc. 37 at 7. But Doe makes no allegation that a landlord will see her consumer file because she is actively applying for housing. And it is not concrete harm when misleading information is in a credit file but is not disseminated to a third-party. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 439 (2021). Any future harm alleged by Doe in this request is speculative. "Speculative harm does not support a preliminary injunction." *S.J.W. ex rel. Wilson v. Lee's Summit R-7 School Dist.*, 696 F.3d 771, 779 (8th Cir. 2012). A request for a preliminary injunction without a showing of irreparable harm will be denied. *Watkins*, 346 F.3d at 844. Therefore, Doe's renewed request for a temporary restraining order and preliminary injunction is denied.

**V. Plaintiff's Motion for Leave to File First Amended Complaint**

Doe filed a Motion for Leave to file a First Amended Complaint. Doc. 35. Doe did not comply with Local Rule 4.07, which requires all new material in the amended

pleading to be underlined and all material being removed be struck through. Therefore, this motion is denied.

## VI. Plaintiff's Pro Se Motion for Reconsideration

On July 16, 2026, Doe filed Plaintiff's Pro Se Motion for Reconsideration of Denial of Temporary Restraining Order. Doc. 19. For the same reasons as stated in the Court's Order on July 16, 2026 (Doc. 15), Plaintiff's Pro Se Motion for Reconsideration is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction is **DENIED.** Doc. 3.

**IT IS FURTHER ORDERED** that Plaintiff's Renewed Motion for a Temporary Restraining Order and Motion for Preliminary Injunction is **DENIED.** Doc. 36.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint Pursuant to Federal Rule Civil Procedure 15(a)(2) and 15(d) is **DENIED.** Doc. 35.

**IT IS FINALLY ORDERED** that Plaintiff's Pro Se Motion for Reconsideration is **DENIED.** Doc. 19.

**SO ORDERED,**

This 6th day of November, 2026.

Maria A. Lanahan

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE